UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jose L.C.C.,<br><br>          Petitioner,<br><br>v.<br><br>Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Custom Enforcement; Department of Homeland Security; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; and David Easterwood, *Acting Director, Fort Snelling Field Office Immigration and Customs Enforcement*,<br><br>          Respondents. | Civ. No. 26-244 (JWB/DTS)<br><br><br><br><br>**ORDER TO SHOW CAUSE REGARDING POST-JUDGMENT CONDITIONS OF RELEASE** |

On January 15, 2026, this Court granted Petitioner's Petition for a writ of habeas corpus and ordered his release from custody. (Doc. No. 6.) Respondents were ordered to release Petitioner in Minnesota and to confirm the time, date, and location of his release within 48 hours. (*Id.*)

Following entry of judgment (Doc. No. 8), Respondents filed a notice stating that Petitioner had been released on January 18, 2026. (Doc. No. 11.) Respondents also filed a document reflecting that Immigration and Customs Enforcement had released Petitioner pursuant to an administrative Order of Release on Recognizance (Form I-220A),

imposing reporting and other conditions of release under 8 U.S.C. § 1226. (Doc. No. 12.)

This Court ordered release based on the absence of lawful statutory authority to detain Petitioner. The judgment did not authorize conditional release, supervision, or the imposition of post-release restrictions, nor did it reserve such determinations to the agency for imposition at the time of his release.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that Respondents must **SHOW CAUSE**, on or before **Friday, January 30, 2026**, why the conditions imposed through the January 18, 2026 Form I-220A should not be stricken as inconsistent with this Court's judgment. In Respondents' written response, they must:

1. Identify the specific statutory authority under which the Department of Homeland Security ("DHS") claims power to impose conditions of release following this Court's order granting habeas relief;

2. Explain how that authority applies notwithstanding this Court's determination that Petitioner's detention lacked a lawful basis;

3. Address whether, and on what grounds, DHS may impose conditions of release without prior notice to or authorization from this Court after entry of an unqualified release order; and

4. Confirm the time and location of Petitioner's release, which is information previously ordered to be disclosed but was not included in Respondents' notice at Doc. No. 11.

No additional briefing is authorized absent further order of the Court.

Date: January 22, 2026                         *s/ Jerry W. Blackwell*
                                               JERRY W. BLACKWELL
                                               United States District Judge